## J. H. KELLAR *v.* CITY OF LOUISVILLE.

**Damages Against City for Injury Caused by Defective Bridge.**
> Where the city has not improved the street nor invited the public to use it, the bridge being a private structure upon private property and was used by plaintiff without any fault of the city, and nothing was shown which made it the duty of the city to improve it, the city is not liable for injury sustained by the plaintiff in attempting to cross it, even though before that time the city employes replaced such bridge when it was washed away.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

March 12, 1880.

OPINION BY JUDGE COFER:

The bridge at which the appellant was hurt was entirely outside of the street. The city has never undertaken to improve the street at or near the ditch crossed by the bridge, and the evidence was not sufficient to show or authorize the jury to find that the public convenience required it to be improved.

If the city had improved the street and thus invited the public to travel along it, and had provided no other means of crossing the ditch, such action would have been an invitation to the public to use the bridge outside of the street, and it would have been immaterial that the bridge was not in the street and was not erected by the city. But as the city had not improved the street nor invited the public to use it, and nothing was shown which made it the plain duty of the city to improve it, we think the city is not liable simply because employes of the city may have replaced the bridge when washed

away. It was a private structure upon private property, and was used by the appellant without any fault on the part of the city.

The case differs from that of *Erie City v. Schwingle,* 22 Pa. St. 384. In that case it appeared that Eighth street had been improved and a bridge erected over the street by the city. The bridge was washed away and the city left the street open, invited the plaintiff into it by not closing it up, and by allowing it to be used without objection, and by putting certain repairs upon it which made it not safe, but passable with skillful driving and good luck.

As we have said, the city never undertook to improve Clinton street; it did not invite the public to travel it, and it did not put the bridge over the ditch; whereas in the Pennsylvania case the city not only improved and opened the street for travel, but when the bridge was washed away the city put certain repairs upon it, or near it, to enable the public to cross the creek, and because those repairs were insufficient the city was held liable.

There was no sufficient evidence tending to establish the liability of the city to authorize the jury to find for the plaintiff, and the judgment must be *affirmed.*

*Edwards & Seymour, for appellant. T. L. Bennett, for appellee.*